

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **HENRY CHAI** | :: | CASE NO. C-1-03-566 |
| Plaintiff | :: | (Honorable J. DLOTT) |
| -vs- | :: | COMPLAINT |
| | | M.J. SHERMAN |
| **THE ALLSTATE INSURANCE CO.** | :: | |
| Defendant. | :: | |

:: :: :: :: :: :: :: :: ::

## I. INTRODUCTION

1. This is an action brought by Henry Chai, an Asian-American, under the Title VII of the Civil Rights Act of 1964. Mr. Chai claims that Allstate discriminated against him based on his age, race, and national origin.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this court by 28 U.S.C. 1331 and 42 U.S.C. § 2000 e-5(f)(1). The substantive federal claims are based on the Equal Employment Opportunities Act, 42 U.S.C. 2000 e2(a)(1).

3. Venue is proper in this district under 28 U.S.C. 1391(b) since some of the incidents giving rise to the cause of action alleged herein took place in this District.

III. **PARTIES AND INDIVIDUAL FACTS**

4. Plaintiff Henry Chai is an Asian-American born September 14, 1944. Mr. Chai's residence and business is at 1582 West Galbraith Road, Cincinnati, Ohio 45231.

5. Defendant, Allstate Insurance Company (hereinafter "Allstate"), has its central office at North Plaza, 2775 Sanders Road, Northbrook, Illinois 60062.

6. Allstate hired Henry Chai as an employee-agent in July, 1995.

7. On or about February, 1997, Allstate and Henry Chai signed an agreement constituting Mr. Chai as an exclusive agent of Allstate.

8. Pursuant to the terms of this agreement, Mr. Chai's income is based on the sales of insurance policies and his servicing of the policyholders of the policies. Under the terms of the exclusive agent agreement, Mr. Chai is deemed to be the owner of this book of business (BOB) consisting of his current policy holders.

9. Whenever an agent terminates his relationship with Allstate, his or her BOB is available to be purchased by other agents in the same geographical region.

10. Mr. Chai has sought to increase his business by purchasing BOBs that were available after the retirement or termination of other Allstate agents in this geographic area.

11. At no time has Allstate allowed Mr. Chai to purchase the BOBs of other Allstate agents.

12. The failure and refusal to allow Mr. Chai to purchase other agent's BOB, is because of Mr. Chai's age, race and national origin. As a result of Mr. Chai's inability to acquire other BOBs, Mr. Chai has been deprived of substantial amounts of income. In

addition, defendant Allstate has taken a number of administrative actions against Plaintiff Chai because of his age, race and national origin. Those actions include forbidding Mr. Chai to close his office for periods of vacation while allowing other agents to do so, adding derogatory comments to his annual review after Mr. Chai signed the review, thereby giving him no opportunity to review the subsequently added comments; not processing and considering Mr. Chai's complaints about disparate treatment, and not "parking" BOBs at Mr. Chai's agency pending their redistribution to other agents.

13. Plaintiff was issued a right to sue letter by the United States Equal Opportunity Commission on May 23, 2003. (attached)

### IV. FIRST CAUSE OF ACTION

14. The failure and refusal of Defendant Allstate to allow Plaintiff Chai to participate in the distribution of other BOBs because of Plaintiff Chai's age, race and national origin is in violation of 42 U.S.C. 2000e-2(A)(1). Such refusal discriminates against the Plaintiff with respect to his compensation and the terms and conditions and privileges of his employment.

### V. SECOND CAUSE OF ACTION

15. Defendant's disparate treatment of Plaintiff by various administrative actions that Allstate has taken is in violation of Plaintiff's rights under 42 U.S.C. 2000e-2(A)(1) in as much as such practices discriminate against the Plaintiff with respect to his compensation, terms, conditions and privileges of employment.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays this court:

A. assume jurisdiction of this action;

B. award Plaintiff back-pay;

C. award Plaintiff compensatory damages;

D. award Plaintiff his share of the "books of business" that Plaintiff was otherwise entitled to;

E. award Plaintiff attorney fees;

F. grant such other and further relief as is just and necessary.

Respectfully submitted,

_____
Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., L.P.A.
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
Phone: (513) 639-7000

Counsel for Plaintiff

4

EEOC Form 161 (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Henry Chai<br>1582 W. Galbraith Road<br>Cincinnati, OH 45231 | From: | Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main Street<br>Cincinnati, OH 45202 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210-2003-00809 | Legal Unit Duty Officer | (216) 522-7445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Wilma Javey     5/23/2003
Wilma Javey, Director     (Date Mailed)

Enclosure(s)

cc: Sybil Brennner<br>
Human Resource Division Manager<br>
Allstate Insurance Company<br>
280 Executive Parkway, West, Ste. # 300<br>
Hudson, Ohio 44236