UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HENRY CHAI, | : | Case No. C-1-03-566 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| v. | : | |
| | : | |
| THE ALLSTATE INSURANCE CO., | : | **DEFENDANT'S REPLY MEMORANDUM** |
| | : | **IN SUPPORT OF MOTION TO DISMISS** |
| Defendant. | : | **THE COMPLAINT** |
| | : | |

## I.     INTRODUCTION

In response to Allstate's Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted, Plaintiff filed a two-page Memorandum in Opposition along with a Motion for Leave to Amend his Complaint.  In his Memorandum, Plaintiff offers no argument challenging the grounds for Allstate's Motion.  Nor does he plead any additional factual allegations in his proposed Amended Complaint.  Consequently, the Court should grant Allstate's Motion to Dismiss.

## II.     ARGUMENT

The Complaint should be dismissed because Plaintiff is not an employee of Allstate and, therefore, cannot state a claim under Title VII.  In his Memorandum in Opposition, Plaintiff incorrectly states that Allstate's Motion is based solely on Plaintiff's label as an independent contractor.  On the contrary, Allstate relies upon the following ten additional factors, which are based on the Exclusive Agency Agreement, which is incorporated into the Complaint:

- The Agreement is a contract between Warren Chai Inc. and Allstate, whereby Plaintiff has a direct relationship with Warren Chai Inc., not with Allstate;

- Warren Chai Inc.'s employees are not Allstate employees;

- Plaintiff does not have to be physically present at all times at the sales location, and other individuals may conduct business in Plaintiff's absence;

- Warren Chai Inc is solely responsible for hiring, terminating, compensating, and making other employment decisions with respect to Plaintiff and other persons whom Warren Chai employs at its sales location;

- Warren Chai Inc may select its sales location, within a specified geographical area;

- Warren Chai Inc. may advertise in its sole discretion;

- Warren Chai Inc. is solely responsible for its expenses;

- Warren Chai Inc. is solely responsible for obtaining, paying for, and maintaining its own insurance;

- Warren Chai Inc.'s sole compensation is commissions; and

- Warren Chai Inc. may terminate the Agreement with ninety days prior written notice.

Based on these factors, Plaintiff is not an "employee" of Allstate as defined under Title VII of the Civil Rights Act of 1964. Consequently, the Complaint should be dismiss for failure to state a claim under Title VII.

Plaintiff's proposed Amended Complaint (attached to his Motion for Leave to Amend), does not change this result. No additional factual allegations are proposed. And based on the terms of the Exclusive Agency Agreement, Plaintiff has failed to state a claim.

## III.   CONCLUSION

For the foregoing reasons and the reasons set forth in Allstate's Memorandum in Support of its Motion to Dismiss, the Complaint should be dismissed.

Respectfully submitted,

  s/  Louise S. Brock
Louise S. Brock (0067184)
Dinsmore & Shohl LLP
1900 Chemed Center
255 E. Fifth Street
Cincinnati, Ohio  45202
(513) 977-8524
louise.brock@dinslaw.com
Trial Attorney for Defendant
  Allstate Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2003, I electronically filed the foregoing Reply Memorandum in Support of Motion to Dismiss the Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Robert B. Newman, Attorney for Plaintiff, Newman & Meeks Co., L.P.A., 617 Vine Street, Suite 1401, Cincinnati, OH 45202.

  s/  Louise S. Brock

#966978